**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD MCDOUGALL, trustee, | ) ) ) ) | |
| and | ) ) | |
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee, | ) ) ) ) ) ) | Case No. 10 C 201<br><br>Judge Hart |
| Plaintiffs, | ) ) | Magistrate Judge Mason |
| v. | ) ) | |
| INDIANA EARTH, INC., an Indiana corporation, | ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR PROVE UP OF
## DAMAGES AND ENTRY OF JUDGMENT

Plaintiffs, the Central States Southeast and Southwest Areas Pension Fund ("Pension Fund"), the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Welfare Fund") (collectively with the Pension Fund, referred to as the "Funds") and Howard McDougall, trustee, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby move this court for prove up of damages and entry of judgment against Defendant Indiana Earth, Inc., an Indiana corporation ("Indiana Earth"). In support of this motion, the Plaintiffs state as follows:

## Background Information

1. On January 13, 2010, Plaintiffs filed a Complaint against Defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Multiemployer Pension Plan Act Amendments of 1980, to compel an audit of Defendant's records and to recover delinquent employer contributions due and owing to the Funds by Defendant as well as interest, liquidated damages, and attorneys' fees and costs.

2. This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District. 29 U.S.C. § 1132(e)(1) and (e)(2). (Affidavit of Juan J. Beaton ¶¶ 4-5("Beaton Affidavit") attached hereto as Exhibit A and incorporated herein by reference.)

3. On January 31, 2010, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure 4(c) and 4(h). (*See* Affidavit of Service filed on February 5, 2010, attached hereto as Exhibit B.)

4. The time for Defendant to appear, plead, or otherwise defend expired and Defendant failed to appear, plead, or otherwise defend in this action.

5. Thus, on September 23, 2010, this Court entered a default order against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (*See* Order attached as Exhibit C).

6. Plaintiffs now file this Motion in order to prove up damages and request that this Court enter judgment in an amount certain.

7. The Funds receive contributions from numerous employers pursuant to

collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (Beaton Affidavit ¶ 6).

8. The contributions received by the Funds are used to provide benefits for the participants of the Funds. (Beaton Affidavit ¶ 7).

9. The Funds' records indicate that Indiana Earth was bound by a collective bargaining agreement entered into with Local Union No. 364 of the IBT ("Local 364") under which Indiana Earth was required to pay employer contributions to the Funds on behalf of certain of its employees. (Beaton Affidavit ¶ 8).

10. Indiana Earth also entered into a participation agreement with Local Union No. 364 that requires Indiana Earth to pay contributions to the Funds. (Beaton Affidavit ¶ 9).

11. Indiana Earth is also bound by the Pension Fund's Trust Agreement and the Welfare Fund's Trust Agreement (collectively referred to as the "Trust Agreements"). (Beaton Affidavit ¶ 10).

## Audit Refusal and Audit Findings

12. Participating employers are required to advise the Pension Fund and the Welfare Fund with respect to the names of those individuals who perform covered work and are required to indicate which weeks are worked by the employees. Based upon the work history reported by the employers, the Funds bill the employers for contributions. (Beaton Affidavit ¶ 11).

13. The Trust Agreements permit the Trustees of the Pension Fund and the Welfare Fund to audit the records of participating employers to verify the accuracy and completeness of the employee work history reported by employers. (Beaton Affidavit ¶

12).

14. Indiana Earth breached the provisions of the Trust Agreements by failing to permit the Funds' representatives to perform an examination of all of its pertinent records for the period of January 1, 2006, through December 31, 2008. (Beaton Affidavit ¶ 13).

15. After Plaintiffs filed the original complaint, Indiana Earth agreed to cooperate with the Plaintiffs' audit, which was performed in March 2010. (Beaton Affidavit ¶ 14).

16. The audit revealed that Indiana Earth breached the provisions of ERISA, the collective bargaining agreement, the participation agreement and the Trust Agreements by failing to accurately report employee work history and pay all contributions (and interest due thereon) owed to the Funds for the audit period. As a result, the Defendant owes contributions to the Pension Fund in the amount of $1,080.20 and interest thereon through October 28, 2010 in the amount of $199.20. (Beaton Affidavit ¶ 15). Defendant owes contributions to the Welfare Fund in the amount of $2,791.50 and interest thereon through October 28, 2010 in the amount of $559.93. (Beaton Affidavit ¶ 15).

## Delinquent Contributions

17. Indiana Earth self-reported the work history of its employees to the Pension Fund and the Welfare Fund for the period March 2010 through September 2010. (Beaton Affidavit ¶ 16).

18. Since Plaintiffs filed their complaint in this case, Indiana Earth has paid the contributions and interest owed to the Pension Fund for the period March 2010 through May 2010 and to the Welfare Fund for the period March 2010 through August 2010. (Beaton Affidavit ¶ 17).

19. Indiana Earth has not paid all contributions and interest revealed to be owed

based on the work history it reported to the Pension Fund for the period June 2010 through September 2010. (Beaton Affidavit ¶ 18). For the period of June 2010 through September 2010, Indiana Earth owes contributions to the Pension Fund in the amount of $2,258.02 and interest thereon through October 28, 2010 in the amount of $30.42. (Beaton Affidavit ¶ 18).

20. Indiana Earth has not paid contributions and interest revealed to be owed based on the work history it reported to the Welfare Fund for the month of September 2010. (Beaton Affidavit ¶ 19). For the month of September 2010, Indiana Earth owes contributions to the Welfare Fund in the amount of $1,093.21. (Beaton Affidavit ¶ 19).

### Calculation of Requested Judgment Amount

21. Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to the following relief when prevailing in an action under 29 U.S.C. § 1145:

    (i)    the unpaid contributions;
    (ii)   interest on the unpaid contributions;
    (iii)  an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
    (iv)  reasonable attorneys' fees and costs.

22. Pursuant to the terms of the Trust Agreements, Plaintiffs are entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to the greater of 7.5% or two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. (Beaton Affidavit ¶ 20).

23. Through October 28, 2010, Indiana Earth owes the Pension Fund the total amount of $3,567.84 in principal and interest on the unpaid employer contributions for the

period of June 2010 through September 2010 and for the unpaid audit findings.  (Beaton Affidavit ¶ 21).

24.     Through October 28, 2010, Indiana Earth owes the Welfare Fund the total amount of $4,444.64 in principal and interest on the unpaid employer contributions for the month of September 2010 and for the unpaid audit findings.  (Beaton Affidavit ¶ 22).

25.     Pursuant to the terms of the Pension Fund Trust Agreement and the Welfare Fund Trust Agreement, Plaintiffs are entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions and for the unpaid audit findings.  (Beaton Affidavit ¶ 23).

26.     Indiana Earth owes the Pension Fund the total amount of $667.64 in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions for the period of June 2010 through September 2010 and for the unpaid audit findings.  (Beaton Affidavit ¶ 24).

27.     Indiana Earth owes the Welfare Fund the total amount of $776.94 in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions for the month of September 2010  and for the unpaid audit findings.  (Beaton Affidavit ¶ 25).

28.     Pursuant to the provisions of the Trust Agreements and ERISA, 29 U.S.C. § 1132(g)(2)(D), Indiana Earth is required to pay all attorneys' fees and costs incurred in connection with this case.  The attorneys' fees total $2,380.00 and costs total $520.00. (See Affidavit of Rebecca K. McMahon attached hereto as Exhibit D and incorporated herein by reference).

29.     Pursuant to the rules promulgated by the Trustees in accordance with the

Trust Agreements, the Defendant is required to pay all audit fees and costs incurred in connection with the audit of the Defendant's records. The audit fees and costs total $3,171.75. (Beaton Affidavit ¶ 26).

30. Pursuant to the terms of the Trust Agreements, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually. (Beaton Affidavit ¶ 27).

31. Attached hereto as Exhibit E is a proposed Judgment Order.

**WHEREFORE**, Plaintiffs, the Central States Southeast and Southwest Areas Pension Fund, the Central States, Southeast and Southwest Areas Health and Welfare Fund and Howard McDougall, trustee, pray for entry of judgment as follows:

(A) For entry of judgment in the total amount of $7,411.34 in favor of the Pension Fund and against Indiana Earth, Inc., an Indiana corporation. This total amount is comprised of the following: past due employer contributions in the amount of $3,338.22; together with interest in the amount of $229.62; liquidated damages in the amount of $667.64; audit fees and costs in the amount of $1,585.87; attorneys' fees in the amount of $1,330.00; and costs in the amount of $260.00;

(B) For entry of judgment in the total amount of $8,397.44 in favor of the Welfare Fund and against Indiana Earth, Inc., an Indiana corporation. This total amount is comprised of the following: past due employer contributions in the amount of $3,884.71; together with interest in the amount of $559.93; liquidated damages in the amount of $776.94; audit fees and costs in the amount of $1,585.88; attorneys'

fees in the amount of $1,330.00; and costs in the amount of $260.00;

      (C)    That this Court award Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund, the Central States, Southeast and Southwest Areas Health and Welfare Fund and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

      (C)    For such other relief deemed just and proper.

Respectfully submitted,

  s/ Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Health and Welfare and Pension Funds
9377 West Higgins Road
Rosemont, Illinois 60018-4938
847/518-9800, Ext. 3441
ARDC #06290192

October 26, 2010

## CERTIFICATE OF SERVICE

I, Rebecca K. McMahon, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, certify that on October 26, 2010, I caused the foregoing Motion for Prove Up of Damages and Entry of Judgment to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. I served the foregoing by mailing said Motion via UPS Next Day Air (#1Z 395 1X9 01 9215 9442) to:

Keith Stevens
Indiana Earth, Inc.
10343 McKinley Highway
Osceola, Indiana 46561

this 26th day of October, 2010.

/s/ Rebecca K. McMahon
Rebecca K. McMahon
One of Central States' Attorneys